UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COREY FORD,

         Petitioner,

       v.            9:06-CV-890
                   (FJS/DEP)
JOSEPH T. SMITH,

         Respondent.
_____

APPEARANCES

**COREY FORD**
**95-A-8605**
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12584
Petitioner *pro se*

**SCULLIN, Senior Judge**

## ORDER

  The Clerk of the Court has sent Petitioner Corey Ford's petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, *see* Dkt. No. 1, and his application to proceed *in forma pauperis*, *see* Dkt. No. 2, to the Court for its review.

  In his habeas petition, Petitioner complains about a decision rendered after a disciplinary hearing held at Shawangunk Correctional Facility on April 30, 2004, in which Petitioner was found guilty of assault on staff and refusing to obey a direct order. *See* Dkt. No. 1 at ¶ 2. Petitioner was sentenced to a term of eight years in the Special Housing Unit. *See id.* at ¶ 3. The Director of Special Housing affirmed this decision on July 8, 2004. *See id.* at ¶ 9. Petitioner thereafter filed an Article 78 proceeding in Ulster County Court, which was transferred to the

Appellate Division, Third Department. *See id.* On January 13, 2005, that court denied his application. *See id.*

In support of his petition, Petitioner asserts that he was denied due process during his disciplinary hearing because, among other things, he was not allowed to call necessary witnesses, he was denied the right to produce certain documentary evidence, and the hearing officer relied on information he obtained outside of the hearing to make his decision. *See id.* at ¶ 12.

Since Petitioner alleges that his only sanction was eight-years SHU confinement and does not assert a loss of good time credits, it appears that Petitioner should have brought this action pursuant to 42 U.S.C. § 1983 "because the disciplinary sentence challenged herein does not impact the overall length of the plaintiff's confinement on his state court criminal conviction." *Adams v. McGinnis*, 317 F. Supp. 2d 243, 244 (W.D.N.Y. 2004) (citing *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 383 (1997); *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Jenkins v. Haubert*, 179 F.3d 19, 25 (2d Cir. 1999) ("a § 1983 suit by a prisoner . . . challenging the validity of a disciplinary or administrative sanction that does not affect the overall length of the prisoner's confinement is not barred by *Heck* and *Edwards*.")).

In light of Petitioner's *pro se* status, rather than dismissing this action for seeking relief not available pursuant to 28 U.S.C. § 2254, the Court will recharacterize this petition as a § 1983 complaint. *See Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (*pro se* petitions should be characterized based upon the relief the prisoners seek and not by the label that the *pro se* prisoners give to them). Before it does so, however, the Court will afford Petitioner the opportunity to demonstrate to the Court why he properly filed his petition pursuant to 28 U.S.C.

§ 2254 and, therefore, why the Court should not recharacterize his pleading as a civil rights complaint pursuant to 42 U.S.C. § 1983.

The Court, therefore, directs Petitioner to file a response to this Order **within thirty (30) days** of the filing date of the Order **either** (1) demonstrating why he properly filed the present action pursuant to 28 U.S.C. § 2254 and, therefore, why the Court should not recharacterize it; **or** (2) consenting to the recharacterization of this action as a civil rights action pursuant to 42 U.S.C. § 1983.  Petitioner's failure to respond to this Order within thirty days will result in the recharacterization of this § 2254 petition as a § 1983 civil rights action.

If Petitioner does consent to the recharacterization of this action as a § 1983 civil rights action, he must file with the Court an amended civil rights complaint which names appropriate Defendants together with a Prisoner Authorization Form.[1]

If Petitioner does not consent to the recharacterization of this action as a § 1983 civil rights action and does not show sufficient cause that he properly filed this action pursuant to 28 U.S.C. § 2254, the Court will dismiss this action.

Accordingly, after reviewing Petitioner's petition and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner shall file a response to this Order **within thirty (30) days** of the filing date of this Order **either** (1) demonstrating why he properly filed the present action pursuant to 28 U.S.C. § 2254 and, therefore, why the Court should not recharacterize it; **or** (2) consenting to the recharacterization of this action as a § 1983 civil rights action.  Petitioner's failure to respond to this Order within thirty days will result in the recharacterization of this

---

[1] The filing fee for civil actions is currently $350.00.

action as a § 1983 civil rights action; and the Court further

**ORDERS** that, upon Petitioner's filing of a response to this Order, the Clerk of the Court shall return the entire file in this matter to the Court for further review; and the Court further

**ORDERS** that, if Petitioner fails to file a response within thirty days of the date of this Order, the Court shall recharacterize this § 2254 petition as a § 1983 civil rights action and the Clerk of the Court shall correct the docket accordingly and shall return the entire file in this matter to the Court for further review; and the Court further

**ORDERS** that, if Petitioner does not consent to the recharacterization of this action as a § 1983 civil rights action and does not show sufficient cause that he properly filed this action pursuant to 28 U.S.C. § 2254, his action will be **DISMISSED**; and the Court further

**ORDERS** that Petitioner's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE** to further review once Petitioner has responded to this Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Petitioner, together with a blank Civil Rights Complaint form and a Prisoner Authorization Form.

**IT IS SO ORDERED.**

Dated: January 20, 2007
      Syracuse, New York

                                          Frederick J. Scullin, Jr.
                                          Senior United States District Court Judge