**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**COREY FORD,**

                                            **Plaintiff,**

            **v.**                                                            **9:06-CV-890**
                                                                                       **(FJS/DEP)**
**ROBERT KRUSEN, DONALD SELSKY, and**
**ANDREW HARVEY,**

                                            **Defendants.**
_____

**APPEARANCES**

**COREY FORD**
**95-A-8605**
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12584
Plaintiff _pro se_

**SCULLIN, Senior Judge**

**ORDER**

        Plaintiff Corey Ford commenced this action by filing a petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254 challenging a decision rendered after a disciplinary hearing

held at Shawangunk Correctional Facility.  _See_ Dkt. No. 1.  In his habeas petition, Plaintiff

alleged that his only sanction was eight-years of confinement in the Special Housing Unit

("SHU"); he did not assert a loss of good time credits.  _See id._  In an Order filed January 22,

2007, this Court concluded that Plaintiff should have brought this action pursuant to 42 U.S.C.

§ 1983 because the disciplinary sentence did not impact Plaintiff's overall length of confinement.[1]

_____

        [1] The Court also denied Plaintiff's application to proceed _in forma pauperis_ without
                                                                                       (continued...)

*See* Dkt. No. 3 at 2.  The Court directed Plaintiff to either consent to the recharacterization of this action as a civil rights action pursuant to § 1983 or demonstrate why he properly filed the action pursuant to 28 U.S.C. § 2254.[2]  *See id.* at 3.  Plaintiff consented to the recharacterization of this action, *see* Dkt. No. 4 at 2, and filed a civil rights complaint and Prisoner Authorization Form, *see* Dkt. Nos. 5-6.

In his *pro se* complaint, Plaintiff alleges that Defendant Harvey, the hearing officer, violated his due process rights during a disciplinary hearing because he denied him adequate assistance and witnesses.  *See* Dkt. No. 5 at 4.  Plaintiff also claims that Defendant Krusen violated his due process rights by not providing him with adequate assistance or documents.  *See id.* at 5.  Finally, Plaintiff contends that Defendant Selsky kept him in SHU despite his knowledge of the due process violations.[3]  *See id.*  Although Plaintiff states, for the first time in his complaint, that his sentence included the loss of six years of good time credits, he also states that he "is abandoning any and all now/future claims to damages" in relation to this loss of good time credits.[4]  *See id.*  Plaintiff only seeks monetary damages for the days he has been confined in

---

[1](...continued)
prejudice to further review.  *See* Dkt. No. 3 at 4.

[2] The Court directed Plaintiff to file "an amended civil rights complaint which names appropriate Defendants together with a Prisoner Authorization Form" in the event that he consented to the recharacterization of this action.  *See* Dkt. No. 3 at 3.

[3] Plaintiff does not name "Joseph T. Smith," the individual he named as Respondent in his § 2254 petition, as a Defendant in his complaint.  Therefore, the Court dismisses "Joseph T. Smith" as a Defendant in this action.

[4] In *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006), the Second Circuit ruled that "a prisoner can, without demonstrating that the challenged disciplinary proceedings or resulting punishments have been invalidated, proceed separately with a § 1983 action aimed at the

(continued...)

SHU.  *See id.* at 6.

After reviewing Plaintiff's complaint, the Court accepts it for filing.

As to Plaintiff's *in forma pauperis* application, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

Accordingly, based upon the foregoing, the Court hereby

**ORDERS** that "Joseph T. Smith" is dismissed as a Defendant in this action; and the Court further

**ORDERS** that Plaintiff's *in forma pauperis* application is **GRANTED**.[5]  The Clerk of the Court shall issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the remaining Defendants, together with a copy of this Order. The Clerk of the Court shall also forward a copy of the summons and complaint, together with a copy of this Order, by mail to the Office of the New York State Attorney General; and the Court further

**ORDERS** that the Clerk of the Court shall provide the Superintendent of the facility that Plaintiff has designated as his current location, with a copy of Plaintiff's authorization form and notify that official that Plaintiff has filed this action and is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and the Court further

---

[4](...continued)
sanctions or procedures that affected the conditions of his confinement." *Id.* at 100.  A prisoner "may only bring such an action if he agrees to abandon forever any and all claims he has with respect to the sanctions that affected the length of his imprisonment." *Id.*

[5] The Court advises Plaintiff that, although the Court is granting his application to proceed *in forma pauperis*, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERS** that the Clerk of the Court shall provide a copy of Plaintiff's authorization form to the Financial Deputy of the Clerk's Office; and the Court further

**ORDERS** that Defendants or their counsel shall file a formal response to Plaintiff's complaint as provided for in Rule 12 of the Federal Rules of Civil Procedure after service of process on Defendants; and the Court further

**ORDERS** that the parties to this action shall file all pleadings, motions and other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley Federal Building and Courthouse, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  **A party must accompany any paper that it sends to the Court or to the Clerk of the Court with a certificate showing that the party has mailed a true and correct copy of the same to all opposing parties or their counsel.  The Clerk of the Court will return, without processing, any document that the Court or the Clerk of the Court receives which does not include a proper certificate of service.**  Plaintiff must comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with this District's Local Rule 7.1 when filing motions, which must be returnable before the assigned magistrate judge with proper notice as the Rules require.  **Plaintiff is also required to notify the Clerk's Office and all parties or their counsel of any change in his address promptly; his failure to do so will result in the**

**dismissal of this action.**  The Court will decide all motions on submitted papers without oral

argument unless the Court orders otherwise; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by

regular mail.

**IT IS SO ORDERED.**

Dated: March 13, 2007
      Syracuse, New York

                                        _____
                                  Frederick J. Scullin, Jr.
                                  Senior United States District Court Judge