IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

COREY FORD,

                         Plaintiff,

                                        Civil Action No.
           -vs-                         9:06-CV-0890 (FJS/DEP)

ROBERT KRUSEN, *et al.,*

                         Defendants.

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

COREY FORD, *Pro Se*

FOR DEFENDANTS:

HON. ANDREW M. CUOMO            BRUCE J. BOIVIN, ESQ.
Office of Attorney General     Assistant Attorney General
State of New York
The Capitol
Litigation Bureau
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

Plaintiff Corey Ford, a New York State prison inmate who is

proceeding *pro se* and *in forma pauperis*, has initiated this proceeding

against three employees of the New York State Department of

Correctional Services ("DOCS"), asserting deprivation of his civil rights.[1]
In his complaint, plaintiff challenges a disciplinary proceeding which
resulted in imposition of penalties which included, *inter alia,* eight years of
disciplinary confinement in a prison special housing unit ("SHU"), asserting
that the sanctions were the product of procedural due process
deprivations.

In response to plaintiff's complaint defendants now seek its
dismissal for failure to state a legally cognizable claim.  In support of their
request for dismissal, defendants assert that all of the arguments now
presented were raised by Ford in an earlier state court proceeding
challenging the same disciplinary determination, and that by virtue of his
lack of success in that proceeding he is foreclosed from pursuing the due
process claims now being raised.  Because it appears that the plaintiff was
afforded a full and fair opportunity in state court to litigate the claims now
being raised, based upon the adverse determination from that forum,  I
recommend that defendants' motion be granted.

---

[1]     As will be seen, this proceeding was initially structured as seeking
habeas relief under 28 U.S.C. § 2254.  After being given the option of either
reconfiguring his pleading to assert a civil rights violation under 42 U.S.C. § 1983
or instead proceeding with his request for habeas intervention, plaintiff chose the
former course.  *See* pp. 6-8, *post.*

I.    <u>STATEMENT OF FACTS</u>[2]

At the times relevant to his claims in this action, plaintiff was a New York State prison inmate entrusted to the custody of the DOCS, and designated to the Green Haven Correctional Facility.  Boivin Decl. (Dkt. No. 14-3) Exh. A.  On April 14, 2004, while an inmate at Green Haven, plaintiff was administered a misbehavior report in which it was alleged that he rushed a corrections officer, threw hot oil in his face, and then stabbed him three times with a weapon resembling a homemade ice pick.  *Id.* ¶ 10. Based upon that incident, the misbehavior report accused the plaintiff of several DOCS disciplinary rule violations, including two counts of assault on staff (Rule 100.11), two counts of refusing to obey a direct order (106.10) and possession of a weapon (Rule 113.10).  *Id.* ¶ 11.

---

[2]      In light of the procedural posture of this case, my recitation of the facts forming the backdrop for plaintiff's claims would ordinarily be drawn from the allegations in his complaint, which would be accepted as true for purposes of the defendants' motion.  *See Erickson v. Pardus*, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964). Plaintiff's section 1983 complaint in this action, however, is conspicuously bereft of specifics regarding the factual underpinning of his constitutional claims. The salient, missing background, however, is supplied in this instance by consideration of the papers associated with plaintiff's prior Article 78 proceeding, including his petition, answer, and the ultimate court decisions, all of which have been supplied by defendants in connection with their motion, *see* Boivin Decl. (Dkt. No. 14-3) Exhs. A-F, and of which the court may properly take judicial notice for purposes of the pending motion.  *See Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 372-73 (S.D.N.Y. 1999), *aff'd,* 207 F.3d 105 (2d Cir. 2000).

Following a disciplinary hearing apparently held to address the claims set forth in the April 14, 2004 misbehavior report, Ford was found guilty on all counts by decision rendered on April 30, 2004, resulting in the imposition of a penalty which included ninety-six months of disciplinary SHU confinement, with a corresponding loss of packages, commissary, and telephone privileges, and an additional recommendation that plaintiff lose six years of good time credits.[3] *Id.* ¶ 12.  Plaintiff's appeal of that determination to Donald Selsky, the DOCS Director of the Special Housing/Inmate Disciplinary Program, was denied on July 8, 2004.  *Id.* ¶ 13.

II.    PROCEDURAL HISTORY

   A.    State Court Proceedings

Plaintiff commenced a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") in Ulster County Supreme Court on or about September 10, 2004, challenging the disciplinary hearing determination and requesting, as relief, that the determination be vacated and his records expunged accordingly.  Boivin Decl. (Dkt. No. 14-

---

   [3]      Neither plaintiff's petition nor the resulting Article 78 court decisions disclose whether, based upon that recommendation, plaintiff suffered a loss of good time credits.

4

3) Exh. A.  By letter order issued by Supreme Court Justice Vincent G.

Bradley on January 13, 2005, plaintiff's Article 78 proceeding was

transferred to the New York State Supreme Court Appellate Division, Third

Judicial Department, for disposition by that court in light of the fact that

among plaintiff's contentions in that proceeding was the claim that the

hearing officer's determination was not supported by substantial evidence.

*Id.*, Exh. B; *see* N.Y.C.P.L.R. § 7804(g).

Following the transfer of his Article 78 proceeding to the Appellate

Division, plaintiff filed with that court a brief in which he raised six separate

contentions, arguing that 1) he was denied his constitutional right to

present witnesses in his defense, based upon the hearing officer's

apparent refusal to identify and call as a witness a person who wrote to a

local radio program claiming to have knowledge of the relevant events; 2)

he was further denied his constitutional right to present a defense based

upon the hearing officer's refusal to allow him to call, as a witness, the

physician who treated one of the victims of his alleged assault; 3) a

second misbehavior report, apparently also alleging a second assault by

the plaintiff, should have been dismissed;[4] 4) the relevant events were not

---

[4]      The specifics surrounding this second misbehavior report are not
disclosed in the complaint in this action, plaintiff's Article 78 petition, his brief to the

properly investigated, particularly in light of the DOCS Inspector General's

("IG") refusal to permit plaintiff's presence during interviews of potential

witnesses and the fact that some of the evidence obtained by the IG was

utilized by the hearing officer in support of his finding of guilt; 5) he was

improperly denied access to certain evidence necessary for his defense,

as well as evidence specifically considered by the hearing officer; and 6)

the punishment imposed was excessive.  Boivin Decl. (Dkt. No. 14-3) Exh.

C.

On November 17, 2005 the Third Department issued a decision

rejecting the various arguments raised by Ford and denying his Article 78

petition.  Boivin Decl. (Dkt. No. 14-3) Exh. E.  Plaintiff's motion for leave to

appeal that determination to the New York State Court of Appeals was

denied on March 23, 2006.  *Id.*, Exh. F.

B.    Proceedings in this Court

Plaintiff commenced this proceeding on July 21, 2006.  Dkt. No. 1.

In his initial pleading, formatted as a habeas petition, plaintiff set forth

eleven separate alleged due process deprivations associated with the

disciplinary hearing and resulting sanctions.  *Id.*  Upon routine review of

_____

Third Department, or elsewhere in the record now before the court.

6

Ford's petition and accompanying application for leave to proceed *in
forma pauperis*, on January 20, 2007 Senior District Judge Frederick J.
Scullin, Jr. issued a decision suggesting that plaintiff's claims were more
appropriately presented in the context of a plenary action brought
pursuant to 28 U.S.C. § 1983, and thus recommending the filing of an
amended pleading recharacterizing his claim.  Dkt. No. 3.  That order
further provided that in the event of a decision not to consent to the
suggested conversion, plaintiff was to show cause why the matter was
properly filed as a proceeding brought under 28 U.S.C. § 2254.  *Id.* That
order was based upon Ford's failure to assert in his petition that as a
consequence of the disputed disciplinary hearing he lost good time
credits.  *Id.*  In response to that directive plaintiff submitted a letter, dated
January 29, 2007, to the court consenting to the conversion and
specifically announcing his abandonment of all present and future claims
related to sanctions affecting the overall length of his imprisonment.[5]  Dkt.

---

[5]      Plaintiff's representation in this regard is the apparent product of the
Second Circuit's decision in *Peralta v. Vasquez,* 467 F.3d 98 (2d Cir. 2006),
addressing the consequences of a "mixed claim" implicating a disciplinary
proceeding both affecting the overall length of a prisoner's confinement and
resulting in a change in the inmate's confinement conditions.  Under *Peralta,* the
Second Circuit approved of an inmate in plaintiff's circumstances proceeding under
42 U.S.C. § 1983, without first having to satisfy the requirements of such cases as
*Heck v. Humphrey*, 512 U.S. 477, 114. S. Ct. 2364 (1994) and *Edwards v. Balisok,*
520 U.S. 641, 117 S. Ct. 1584 (1984) by obtaining a ruling invalidating the

No. 4.  That letter was followed by the plaintiff's filing on February 1, 2007 of an amended complaint, formatted as a civil rights action brought under 42 U.S.C. § 1983.  Dkt. No. 5.  As defendants, plaintiff's complaint names Robert Krusen, a DOCS employee who assisted the plaintiff in preparing for the disciplinary hearing; Donald Selsky; and Andrew T. Harvey, the hearing officer who presided over the disciplinary hearing at issue, and asserts due process deprivations stemming from the hearing, seeking recovery of compensatory damages in an amount of $350 for each day of SHU confinement resulting from the hearing determination.  *Id.*

On May 24, 2007 defendants moved seeking dismissal of plaintiff's complaint.  Dkt. No. 14.  Defendants' motion is predicated upon the allegedly preclusive effects of the unfavorable result of Ford's state court Article 78 petition.  *Id.*  Plaintiff later responded in opposition to defendants' motion by papers filed on June 29, 2007, Dkt. No. 16, and defendants have since replied briefly to the arguments raised in those opposition papers.  Dkt. No. 17.  Defendants' motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern

---

disciplinary hearing result.  *Peralta,* 467 F.3d at 105-06.

District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.    DISCUSSION

   A.    Standard of Review

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements.  Rule 8 of the Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (other quotations omitted)); *cf. Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish

that the claim is "plausible").  Once the claim has been stated adequately,

a plaintiff may present any set of facts consistent with the allegations

contained in the complaint to support his or her claim.  *Twombly*, 127 S.

Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*,

355 U.S. 41, 78 S. Ct. 99 (1957), "described the breadth of opportunity to

prove what an adequate complaint claims, not the minimum standard of

adequate pleading to govern a complaint's survival").

        In deciding a Rule 12(b)(6) dismissal motion, the court must accept

the material facts alleged in the complaint as true, and draw all inferences

in favor of the non-moving party.  *Cooper v. Pate*, 378 U.S. 546, 546, 84

S. Ct. 1722, 1734 (1964); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d

292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003);

*Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).

The burden undertaken by a party requesting dismissal of a complaint

under Rule 12(b)(6) is substantial; the question presented by such a

motion is not whether the plaintiff is likely ultimately to prevail, "'but

whether the claimant is entitled to offer evidence to support the claims.'"

*Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d

435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69

10

F.3d 669, 673 (2d Cir. 1995) (other quotations omitted)).  Accordingly, a

complaint should be dismissed on a motion brought pursuant to Rule

12(b)(6) only where the plaintiff has failed to provide some basis for the

allegations that support the elements of his or her claim.  *See Twombly*,

127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, __ F.3d __, 2007 WL

4179838, at *3 (2d Cir. Nov. 28, 2007) ("In order to withstand a motion to

dismiss, a complaint must plead 'enough facts to state a claim for relief

that is plausible on its face.'") (quoting *Twombly)*.

    When assessing the sufficiency of a complaint against this

backdrop, particular deference should be afforded to a *pro se* litigant

whose complaint merits a generous construction by the court when

determining whether it states a cognizable cause of action.  *Erickson*, 127

S. Ct. at 2200 ("'[A] *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by

lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285,

292 (1976) (internal quotations omitted)); *Davis v. Goord*, 320 F.3d 346,

350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d

119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived

deficiency in a *pro se* plaintiff's complaint, a court should not dismiss

11

without granting leave to amend at least once if there is any indication that a valid claim might be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

     B.    <u>Preclusive Effect of Article 78 Determination</u>

    Both the Full Faith and Credit Clause of the United States Constitution, *see* U.S. Const. art. IV, § 1, and the corresponding Full Faith and Credit Statute, 28 U.S.C. § 1738, require that a federal court accord a state court judgment the same preclusive effect which it would merit under the law of the state from which it originated. *See Kremer v. Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984); *Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S. Ct. 1883, 1889-90 (1982); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994). This principle applies fully to claims brought pursuant to 42 U.S.C. § 1983. *Migra,* 465 U.S. at 84-85, 104 S. Ct. at 897-98; *Allen v. McCurry,* 449 U.S. 90, 103-04, 101 S. Ct. 411, 419-20 (1980); *Giakoumelos v. Coughlin,* 88 F.3d 56, 59 (2d Cir. 1996). Since the underlying, state court determination at issue in this case originated in New York, the law of that state controls in determining the extent of the preclusive effect of the Article 78

determination in response to Ford's petition is deserving.[6] *Giakoumelos,*

88 F.3d at 59; *see also Marvel Characters, Inc. v. Simon,* 310 F.3d 280,

286 (2d Cir. 2002); *LaFleur v. Whitman,* 300 F.3d 256, 271-72 (2d Cir.

2002).

1.    Claim Preclusion

As the Second Circuit explained in *Marvel,* claim preclusion, also

known as res judicata, requires that a final judgment on the merits of an

action be given preclusive effect, barring parties as well as those in privity

with them from relitigating claims which were or could have been raised in

the prior action.  *Marvel*, 310 F.3d at 286-87; *see also Fay v. South*

*Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir. 1986) (citing, *inter alia*,

*Migra*), *overruled on other grounds, Taylor v. Vermont Dept. of Educ.,* 313

F.3d 768 (2d Cir. 2002).

In this case it is clear, based upon well-established case authority,

that the prior unfavorable Article 78 determination did not serve to

foreclose the plaintiff from commencing this subsequent section 1983 civil

---

[6]      While the law of New York, rather than federal principles, applies to determine the preclusive effect to be given to the state court's determinations in response to plaintiff's Article 78 petition, this is a distinction without a difference since, as the Second Circuit has noted, "there is no discernable difference between federal and New York law concerning *res judicata* and collateral estoppel."  *Marvel,* 310 F.3d at 286 (citing *Pike v. Freeman,* 266 F.3d 78, 90 n.14 (2d Cir. 2001)).

rights action for damages, since such relief is unavailable in an Article 78 proceeding. *Davidson v. Capuano,* 792 F.2d 275, 278 (2d Cir. 1986); *Allen v. Coughlin,* No. 92 Civ. 6137, 1995 WL 117718, at *3 (S.D.N.Y. Mar. 17, 1995). Accordingly, plaintiff's claims for damages in this section 1983 action are not barred by the prior Article 78 proceeding, even assuming that all of the other requirements for claim preclusion are otherwise met.

       2.   <u>Issue Preclusion</u>

     Issue preclusion, a more narrow doctrine often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been decided against that party or its privy. *McKithen v. Brown,* 481 F.3d 89, 105 (2d Cir. 2007); *Marvel,* 310 F.3d at 288-89. Under New York law, in order for issue  preclusion to apply, two elements must be established; first, the issue must both "actually and necessarily" have been decided in a prior proceeding, and secondly, the party against whom the doctrine is being urged must have been afforded a full and fair opportunity to litigate the issue in the first proceeding. *McKithen,* 481 F.3d at 105; *see also Giakoumelos,* 88 F.3d at 59; *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.

1995).

Careful examination of plaintiff's complaint, with illumination from the earlier habeas petition filed in the action, reveals that without exception each of the arguments now being raised in support of his section 1983 claims were presented to the state courts in the context of his Article 78 petition.  In this action plaintiff has asserted due process deprivations stemming from the inadequacy of assistance provided to him in preparing for the hearing, as well as the failure of prison officials to provide him with the documents and witnesses necessary to defend himself.  Petition (Dkt. No. 1); *see generally* Amended Complaint (Dkt. No. 5).  Although not allocuting such a claim in explicit terms, plaintiff's complaint also alludes to the Eighth Amendment, suggesting that interposition of a penalty resulting from the disciplinary determination represented cruel and unusual punishment.  Amended Complaint (Dkt. No. 5) § 7, Second Cause of Action.

In his Article 78 petition, Ford asserted that 1) he was denied proper assistance for purposes of preparing for his hearing; 2) he was denied his right to call witnesses; 3) he was denied the right to be present during interviews conducted by the IG; 4) he was denied access to information

15

provided by the IG and considered by the hearing officer; 5) he was
denied evidence vital to his defense on the charges; 6) in arriving at his
decision, the hearing officer considered evidence outside of the record
and never provided to Ford; 7) he was denied an impartial hearing by an
unbiased hearing officer; and 8) the penalty imposed represented cruel
and unusual punishment.  Boivin Decl. (Dkt. No. 14-3) Exh. A ¶ 6.  And,
while not all of those arguments were specifically addressed by the Third
Department in its decision, disposing of plaintiff's Article 78 petition, that
court concluded its determination by stating that his "remaining
contentions have been reviewed and determined to be without merit."
Boivin Decl. (Dkt. No. 14-3) Exh. E at 2.  That determination is entitled to
preclusive effect, as to the issues raised by Ford in his Article 78 petition,
thereby effectively barring him from raising the claims now set forth in his
complaint.

        In his opposition to defendants' motion plaintiff asserts his belief that
the law entitles him to at least one full evidentiary hearing in connection
with his due process claims.  *See* Plaintiff's Reply Affidavit (Dkt. No. 16) ¶
7.  This claim misconstrues the law of issue preclusion, which does not
mandate a "full hearing", instead requiring only that the party against

whom the preclusive effects of a prior court determination is asserted was
afforded a full and fair opportunity for litigation of the issue in dispute.  *See
McKithen*, 481 F.3d at 105.  A review of the record convincingly
establishes that plaintiff was provided that opportunity in the context of his
Article 78 proceeding.

IV.    SUMMARY AND RECOMMENDATION

         The record now before the court firmly discloses that the petitioner
was given a full and fair opportunity to develop and litigate before the state
courts, in the context of his Article 78 petition, the arguments now being
raised in this action to support his due process claims.  Accordingly, the
determination of the state courts addressing and rejecting those
arguments is now entitled to preclusive effect, barring relitigation of those
claims in the context of this section 1983 action.  In light of plaintiff's *pro*
*se* status, however, I recommend dismissal of his claims be without
prejudice to his right to amend in order to attempt to assert any due
process violations not previously presented to the state courts.[7]  *See*

---

         [7]      In his opposition to defendants' motion, *inter alia,* plaintiff requests
permission to reconvert the matter back to a proceeding in the nature of habeas
corpus, in the event that the court deems his section 1983 claims to be legally
deficient.  *See* Dkt. No. 16.  To permit the plaintiff to again alter his position at this
juncture would be to undermine the court's decision on *Peralta,* instructing that
prison inmates should be required to make an irrevocable election not to challenge
the effects of a disciplinary hearing on the length of their confinement in order to

*Branum*, 927 F.2d at 704-05; Fed. R. Civ. P. 15(a).  Based upon the

foregoing it is hereby

RECOMMENDED that defendants' motion to dismiss plaintiff's

complaint (Dkt. No. 14) be GRANTED, and that plaintiff's complaint in this

action be dismissed, with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge

written objections to the foregoing report.  Such objections shall be filed

with the Clerk of the Court within TEN days.  FAILURE TO SO OBJECT

TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. §

636(b)(1); Fed. R. Civ. P.  6(a), 6(e), 72; *Roldan v. Racette,* 984 F.2d 85

(2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

Report and Recommendation upon the parties in accordance with this

court's local rules.


Dated:      December 7, 2007
            Syracuse, NY


---

permit pursuit of a section 1983 damage claim for alleged due process violations.
*See Peralta*, 467 F.3d 105-06.

David E. Peebles
U.S. Magistrate Judge