**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**COREY FORD,**

                                        **Plaintiff,**

            **v.**                                              **9:06-CV-890**
                                                                **(FJS/DEP)**

**ROBERT KRUSEN, Shawangunk Correctional**
**Facility; DONALD SELSKY; and ANDREW**
**HARVEY,**

                                        **Defendants.**
_____

**APPEARANCES**                              **OF COUNSEL**

**COREY FORD**
**95-A-8605**
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12584
Plaintiff _pro se_

**OFFICE OF THE NEW YORK**                   **BRUCE J. BOIVIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

        Plaintiff originally commenced this action by filing a petition for a Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.  _See_ Dkt. No. 1.  In his original pleading, Plaintiff

complained about a decision rendered after a disciplinary hearing held at Shawangunk

Correctional Facility on April 30, 2004, in which he was found guilty of assault on staff and

refusing to obey a direct order. *See* Dkt. No. 1 at ¶ 2. Plaintiff asserted that he was denied due

process during his disciplinary hearing because, among other things, he was not allowed to call

necessary witnesses, he was denied the right to produce certain documentary evidence, and the

hearing officer relied on information he obtained outside the hearing to make his decision. *See*

*id.* at ¶ 12. Finally, Plaintiff alleged that he was sentenced to a term of eight years in the Special

Housing Unit ("SHU"). *See id.* at ¶ 3.

       In its January 20, 2007 Order, the Court noted that, "[s]ince Plaintiff allege[d] that his

only sanction was eight-years SHU confinement and [did] not assert a loss of good time credits,

it appear[ed] that Plaintiff should have brought this action pursuant to 42 U.S.C. § 1983, 'because

the disciplinary sentence challenged . . . [did not] impact the overall length of the plaintiff's

confinement on his state court criminal conviction.'" *See* Dkt. No. 3 at 2 (quoting *Adams v.*

*McGinnis*, 317 F. Supp. 2d 243, 244 (W.D.N.Y. 2004) (citing *Edwards v. Balisok*, 520 U.S. 641,

117 S. Ct. 1584, 137 L. Ed. 2d 383 (1997); *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364,

129 L. Ed. 2d 383 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d

439 (1973); *Jenkins v. Haubert*, 179 F.3d 19, 25 (2d Cir. 1999) ("a § 1983 suit by a prisoner . . .

challenging the validity of a disciplinary or administrative sanction that does not affect the

overall length of the prisoner's confinement is not barred by *Heck* and *Edwards*."))). Therefore,

the Court afforded Plaintiff the opportunity to convert his pleading to assert civil rights violations

under § 1983. *See id.* at 3. If Plaintiff chose not to convert his habeas proceeding to a civil rights

action, the Court directed him to "demonstrat[e] why he properly filed the present action pursuant

to 28 U.S.C. § 2254 . . . ." *See id.*

       In response to the January 20, 2007 Order, Plaintiff submitted a letter, dated January 29,

2007, consenting to the conversion of his action to one brought pursuant to § 1983.  *See* Dkt. No. 4 at 2.  In that letter, Plaintiff advised the Court that he "would also like this honorable court to be aware that [he was] only challenging sanctions affecting the conditions of confinement" and that he was "abandon[ing] any and all now or future claims related to the sanctions that affect the length of [his] imprisonment."[1]  *See id.*

On February 1, 2007, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 5.  Defendants filed a motion to dismiss on May 24, 2007.  *See* Dkt. No. 14.  By Report and Recommendation dated December 7, 2007, Magistrate Judge Peebles recommended that this Court dismiss Plaintiff's complaint with leave to replead.  *See* Dkt. No. 18.  By Order dated January 15, 2008, this Court adopted Magistrate Judge Peebles' Report and Recommendation in its entirety.  *See* Dkt. No. 19.  The Court afforded Plaintiff the opportunity to submit an amended complaint within thirty days of the filing date of the January 15, 2008 Order.  *See id.* at 2.

Instead of submitting an amended complaint, Plaintiff submitted a motion to "recharacterize this 42 USC civil rights action back to a 28 USC 2254 Habeas Corpus proceeding on the groun[d] that Mr. Ford has a sanction of six (6) years loss of good time credits [that] impacts the overall length of Ford's confinement on his state court criminal conviction and 28

---

[1] Plaintiff's representation in this regard is the apparent product of the Second Circuit's decision in *Peralta v. Vasquez*, 467 F.3d 98 (2d Cir. 2006), addressing the consequences of a "mixed claim" implicating a disciplinary proceeding both affecting the overall length of a prisoner's confinement and resulting in a change in the inmate's confinement conditions.  Under *Peralta*, the Second Circuit approved of an inmate in Plaintiff's circumstances proceeding under 42 U.S.C. § 1983 without first having to satisfy the requirements of such cases as *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1984), by obtaining a ruling invalidating the disciplinary hearing result.  *See Peralta*, 467 F.3d at 105-06.

USC 2254 is the proper remedy to hear Mr. Ford['s] claims." *See* Dkt. No. 20 at 1.  Defendants

oppose Plaintiff's motion.  *See* Dkt. No. 21.  Plaintiff has submitted a reply in further support of

his motion.  *See* Dkt. No. 22.


## II. DISCUSSION

In support of his motion, Plaintiff asserts that when he agreed to recharacterize the

present action as a civil rights action, he "was suffering a psychotic mental state from the harsh

Special Housing Unit conditions.  Where I was diagnosed from a anxiety disorder that has since

been treated.  On January 29, 2007, my ability to comprehend and understand was impaired."

*See* Dkt. No. 20 at 3 at ¶7.  He further states that he "believed that the [January 15, 2007 Order]

possessed a hidden message explaining 42 USC 1983 was the appropriate remedy."  *See id.* at 3

at ¶ 8.  Finally, he claims that his agreement to convert this action to a civil rights action was

"based upon [his] demented mental state at the time, and inability to comprehend the facts."  *See

id.* at 3 at ¶ 10.

Defendants object to Plaintiff's request on the ground that Plaintiff has submitted no

medical evidence to support his claim that he was "'suffering a psychotic mental state' when he

read the Court's January 20, 2007 Order[.]"  *See* Dkt. No. 21 at 2.  Defendants further assert that,

> [w]hile the January 20, 2007 Order makes no mention of
> the need to abandon claims related to the length of his sentence
> (loss of good time) to maintain an action under § 1983, plaintiff
> nonetheless make [sic] that affirmative declaration.  Such an
> asserting [sic] must have come from careful research into the issue.
> As the Court noted in its March 13, 2007 [Order], which accepted
> the amended complaint for filing (Dkt. No. 7), the Second Circuit
> provided in *Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006)
> that an inmate may maintain an action under § 1983 without first

-4-

> demonstrating that the challenged disciplinary proceeding was
> invalidated only if he abandons forever any claim with respect to
> the length of his confinement.  We respectfully submit that
> plaintiff['s] action demonstrates that plaintiff knew exactly what he
> was doing when he consented to the recharacterization of his
> complaint.
>
> More important, the operative words in the *Peralta* decision
> are "abandon forever."  Plaintiff's decision is irrevocable and he
> must [b]e held to it.

*See id.*

In reply, Plaintiff submitted some of his medical records and a memorandum of law

submitted in a Southern District action involving Plaintiff in an attempt to bolster his claim that

he had mental health issues in 2007 which interfered with his ability to understand the

consequences of the conversion of this action to a civil rights action.[2]  *See* Dkt. No. 22.

The Court has reviewed the medical evidence and the memorandum of law that Plaintiff

submitted.  Since the medical records date back to 2005, they are not indicative of Plaintiff's

mental state in January 2007.  Although the memorandum of law that Plaintiff submitted

suggests that Plaintiff was attempting to raise mental health issues in his Southern District of

New York action, the memorandum of law provides **no evidence** (only allegations) of Plaintiff's

mental state in January 2007.  Additionally, Plaintiff's actions in January 2007 belie his claim

that he could not understand the consequences of his actions.  It was Plaintiff, **without any**

**suggestion from the Court**, who raised the issue of waiver of all claims concerning loss of good

time credits.  Therefore, the Court finds it difficult to believe that he did not understand what he

---

[2] Plaintiff appears to claim that he was suffering from Post Traumatic Stress Disorder
("PTSD").  *See* Dkt. No. 22 at 1.

-5-

was doing.[3]  Moreover, Plaintiff made this same request to reconvert this action to a habeas

proceeding when he opposed Defendants' motion to dismiss.  *See* Dkt. No. 16 at 2-3.[4]

### III. CONCLUSION

Accordingly, after reviewing all of the parties' submissions and the applicable law, and

for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's request for recharacterization is **DENIED**; and the Court further

**ORDERS** that Plaintiff is **GRANTED** an extension of time until **June 13, 2008**, to file

an amended complaint in accordance with the terms of the January 15, 2008 Order; and the Court

further

**ORDERS** that, if Plaintiff fails to comply fully with this Order **on or before June 13,**

**2008**, the Clerk of the Court shall enter judgment dismissing this action without prejudice

---

[3] At the time, the Court was not aware that Plaintiff had lost good time credits because Plaintiff did not allege such a loss in his original pleading.  *See* Dkt. Nos. 1, 3.

[4] In the December 7, 2007 Report and Recommendation, which this Court adopted in its entirety, Magistrate Judge Peebles stated that,

> [i]n his opposition to defendants' motion, *inter alia*, plaintiff requests permission to reconvert the matter back to a proceeding in the nature of habeas corpus, in the event that the court deems his section 1983 claims to be legally deficient.  *See* Dkt. No. 16.  To permit the plaintiff to again alter his position at this juncture would be to undermine the court's decision on *Peralta*, instructing that prison inmates should be required to make an irrevocable election not to challenge the effects of a disciplinary hearing on the length of their confinement in order to permit pursuit of a section 1983 damage claim for alleged due process violations.  *See Peralta*, 467 F.3d 105-06.

*See* Dkt. No. 18 at 17 n.7.

-6-

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and without further Order of this

Court due to Plaintiff's failure to comply fully with the terms of this Order and the January 15,

2008 Order; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on the parties in

accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 14, 2008
        Syracuse, New York


_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge