IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────

COREY FORD,

                              Plaintiff,

                                                Civil Action No.
              vs.                               9:06-CV-0890 (GTS/DEP)

ROBERT KRUSEN, *et al.,*

                         Defendants.

─────────────────────────────────────

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

COREY FORD, *Pro Se*
95-A-8605
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12584

FOR DEFENDANTS:

HON. ANDREW M. CUOMO            BRUCE J. BOIVIN, ESQ.
Office of Attorney General      Assistant Attorney General
State of New York
The Capitol
Litigation Bureau
Albany, NY 12224-0341

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Corey Ford, a New York State prison inmate who is proceeding *pro se* and *in forma pauperis*, has commenced this action pursuant to 42 U.S.C. § 1983, alleging deprivation of his civil rights. Plaintiff's most recent amended complaint in the action represents the latest chapter in a series of persistent attempts on his part to set aside a disciplinary determination requiring him to serve eight years in disciplinary special housing unit ("SHU") confinement as a result of his attack upon a corrections officer.  A prior attempt by Ford to challenge the results of that hearing in the Southern District of New York has been rejected in light of the fact that he previously presented the very same arguments now being raised to a state court in connection with an unsuccessful effort to overturn the disciplinary determination.  In his most recent pleading, Ford both attempts to revive the due process arguments previously rejected, and indirectly challenges the sufficiency of the state court proceedings leading to the decision to uphold the disciplinary determination, claiming that defendants withheld documents during the course of the state court proceedings.

Currently pending before the court is a renewed motion by

2

defendants seeking dismissal of plaintiff's claims for failure to state a cause of action upon which relief may be granted.  Because plaintiff's most recent complaint represents nothing more than a regurgitation of arguments previously raised and rejected by this court on the grounds of claim preclusion, as well as a poorly disguised attempt to attack the correctness of the state court determination – an effort precluded under the *Rooker-Feldman* doctrine – I recommend that defendants' motion be granted.[1]

I.   BACKGROUND[2]

---

[1]   *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *see* pp. 20 - 23, *post.*

[2]   In light of the procedural posture of this case, my recitation of the facts forming the backdrop for plaintiff's claims ordinarily would be drawn from the allegations in his complaint, which must be accepted as true for purposes of the defendants' motion.  *See Erickson v. Pardus*, __U.S. __, 127 S. Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1965 (2007)); *see also Cooper v. Pate*, 378 U.S. 546, 546, 84 S. Ct. 1733, 1734 (1964). Plaintiff's section 1983 complaint in this action, however, is conspicuously bereft of specifics regarding the factual underpinnings of his constitutional claims. Fortunately, the salient, missing background is supplied in this instance by consideration of the papers associated with plaintiff's prior Article 78 proceeding, including his petition, answer, and the ultimate court decisions, all of which have been supplied by defendants in connection with their motion, *see* Boivin Decl. (Dkt. No. 14-3) Exhs. A-F, as well as the court's decision in *Ford v. Phillips*, No. 05 Civ. 6646, 2007 WL 946703 (S.D.N.Y. Mar. 27, 2007) and court records associated with a prosecution of Ford in Dutchess County Court, also offered by the defendants in support of their motion.  *See* Boivin Decl. (Dkt. No. 28-2) Exhs. A-C. The court may properly take judicial notice of these materials for purposes of the pending motion.  *See Waldman v. Village of Kiryas Joel*, 39 F. Supp. 2d 370, 372-73 (S.D.N.Y. 1999), *aff'd,* 207 F.3d 105 (2d Cir. 2000).

Plaintiff is a prison inmate entrusted to the care and custody of the New York Department of Correctional Services (the "DOCS") as a result of a conviction for attempted murder, kidnapping, and weapons possession. *Ford v. Phillips*, 2007 WL 946703, at *1 n.4. Plaintiff's claims arise out of occurrences in April and May of 2004 at both the Green Haven Correctional Facility ("Green Haven") and the Shawangunk Correctional Facility ("Shawangunk"), two prisons operated by the DOCS. *Id.*, 2007 WL 946703, at *1.

The relevant events were set in motion on April 14, 2004, when the plaintiff, at the time an inmate at Green Haven, was issued a misbehavior report in which it was alleged that he rushed a corrections officer, threw hot oil in his face, and then stabbed him three times with a weapon resembling a homemade ice pick.[3] Boivin Decl. (Dkt. No. 14-4) Exh. A (Art. 78 Petition) ¶ 10. The misbehavior report accused the plaintiff of several DOCS disciplinary rule violations arising from that incident, including two counts of assault on staff (Rule 100.11), two counts of

_____

[3] It now appears that Ford admits throwing hot oil at corrections officer Miller and having repeatedly stabbed him with a shank-like object, but asserts that those actions were taken in self-defense. *See Ford v. Phillips,* No. 05 Civ. 6646, 2007 WL 946703, at * 1 (S.D.N.Y. Mar. 27, 2007).

4

refusing to obey a direct order (106.10), and possession of a weapon (Rule 113.10).  *Id.* ¶ 11.

Following a disciplinary hearing held at Shawangunk to address the claims set forth in the misbehavior report, Ford was found guilty on all counts by decision rendered on April 30, 2004, resulting in the imposition of a penalty which included ninety-six months of disciplinary SHU confinement, with a corresponding loss of packages, commissary, and telephone privileges, and an additional recommendation that plaintiff lose six years of good time credits.[4]  Boivin Decl. (Dkt. No. 14-3) Exh. A ¶ 12. The hearing officer's determination was affirmed on appeal to Donald Selsky, the DOCS Director of the Special Housing/Inmate Disciplinary Program, on July 8, 2004.  *Id.* ¶ 13.

II.   PROCEDURAL HISTORY

A.   State Court Proceedings

Plaintiff commenced a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR") in Ulster County Supreme Court on or about September 10, 2004, challenging the results of the

---

[4]   Neither plaintiff's Article 78 petition nor the resulting state court decisions disclose whether, based upon that recommendation, plaintiff actually suffered a loss of good time credits.

disciplinary hearing and requesting, as relief, that the determination be vacated and his records expunged accordingly.  Boivin Decl. (Dkt. No. 14-4) Exh. A.  Following the transfer of that Article 78 proceeding to the Appellate Division, *id.*, Exh. B; *see* N.Y.C.P.L.R. 7804(g), plaintiff filed with that court a brief in which he advanced six separate contentions, arguing that 1) he was denied his constitutional right to present witnesses in his defense, based upon the hearing officer's apparent refusal to identify and call as a witness a person who wrote to a local radio program claiming to have knowledge of the relevant events; 2) he was further denied his constitutional right to present a defense based upon the hearing officer's refusal to allow him to summon, as a witness, the physician who treated one of the victims of his alleged assault; 3) a second misbehavior report, apparently also alleging a second assault by the plaintiff, should have been dismissed;[5] 4) the relevant events were not properly investigated, particularly in light of a refusal by the DOCS Inspector General ("IG") to permit plaintiff's presence during interviews of potential witnesses and the fact that some of the evidence obtained by the IG was utilized by the

---

[5]     The specifics surrounding this second misbehavior report are not disclosed in the complaint in this action, plaintiff's Article 78 petition, his brief to the Third Department, or elsewhere in the record now before the court.

hearing officer in support of his finding of guilt; 5) he was improperly denied access to certain evidence necessary for his defense, as well as evidence specifically considered by the hearing officer; and 6) the punishment imposed was excessive.  Boivin Decl. (Dkt. No. 14-4) Exh. C.

On November 17, 2005, the Third Department issued a decision rejecting the various arguments raised by Ford and denying his Article 78 petition.  Boivin Decl. (Dkt. No. 14-4) Exh. E.  Plaintiff's motion for leave to appeal that determination to the New York State Court of Appeals was denied on March 23, 2006.  *Id.*, Exh. F.

B.     Prior Federal Court Action

In 2005, plaintiff brought an action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York against the Superintendent of Green Haven, the corrections officer who he is alleged to have assaulted, and several other employees of the DOCS alleging various constitutional deprivations.  *See Ford v. Phillips,* 2007 WL 946703.  Upon the filing of cross-motions for summary judgment in the case, the court issued a decision dismissing all of plaintiff's claims as a matter of law with the exception of an excessive force claim arising out of his transfer into the facility's SHU on April 14, 2004.  *See id.,* 2007 WL

7

946703, at *4-15.  Significantly, in that decision the court rejected plaintiff's contention that his disciplinary confinement in the Green Haven SHU was the product of a procedural due process violation.  *See id.,* at *10-11.

      C.    <u>This Action</u>

      Plaintiff commenced this proceeding on July 21, 2006, originally styled as a petition seeking habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1.  Following a series of directives from the court and subsequent pleadings filed by the plaintiff, all in an attempt to more clearly define the nature of his claim, Ford filed a complaint on February 1, 2007 asserting claims under 42 U.S.C. § 1983, Dkt. No. 5, along the way disavowing an attempt to challenge any loss of good time credits growing out of the disputed disciplinary hearing in dispute.  *See* Dkt. No. 4.  Named as defendants in the action are Robert Krusen, who is alleged to have been the DOCS worker at Shawangunk assigned to assist plaintiff in connection with his disciplinary hearing, and Andrew Harvey, the hearing officer who presided over the proceedings at the facility.  Complaint (Dkt. No. 5) ¶¶ 6-7.

      On May 24, 2007, defendants moved seeking dismissal of plaintiff's

8

complaint.  Dkt. No. 14.  That motion resulted in my issuance of a report

to Senior District Judge Frederick J. Scullin, Jr., recommending a finding

that plaintiff is precluded, as a result of the unfavorable determination on

his state court CPLR Article 78 proceeding, from litigating the due process

claims now asserted, and thus recommending dismissal of plaintiff's

complaint, with leave to replead in deference to his *pro se* status.  Dkt.

No. 18.  That report and recommendation was adopted by Senior District

Judge Scullin by order issued on January 15, 2008.[6]  Dkt. No. 19.

Following an unsuccessful attempt to revert to his original tact of

pursuing this matter as seeking habeas intervention, *see* Dkt. Nos. 20-23,

Ford filed the currently-pending amended complaint on May 21, 2008.

Dkt. No. 24.  In response to that complaint defendants have again moved

seeking its dismissal, renewing their argument that plaintiff's claims are

barred by issue preclusion, and additionally asserting that to the extent he

seeks to attack the validity of the unfavorable result of his state court

proceedings, he is precluded from doing so by virtue of the *Rooker-*

*Feldman* doctrine.  Dkt. No. 26.  Plaintiff has since responded in

---

[6]       Since the issuance of that order the matter has been transferred to
District Judge Glenn T. Suddaby for the purpose of future dispositive proceedings.
*See* Dkt. No. 29.

opposition to the motion on August 1, 2008.  Dkt. No. 27.

On August 26, 2008, defendants' counsel submitted a reply affidavit to the court.  Dkt. No. 28.   In those papers defendants noted both the commencement by Ford of a separate, section 1983 action in the United States District Court for the Southern District of New York growing out of the same occurrences as formed the basis for this action, and additionally that he was criminally prosecuted and convicted of assault and weapons possession in connection with the underlying incident, two facts previously unknown to the court.  *Id.*

Defendants' motion, which is now ripe for determination, has been referred to me for the issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ. P. 72(b).

III.   DISCUSSION

A.   Standard of Review

A motion to dismiss a complaint, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, calls upon a court to gauge the facial sufficiency of that pleading, utilizing as a backdrop a pleading standard which is particularly unexacting in its requirements.  Rule 8 of the

Federal Rules of Civil Procedure requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Absent applicability of a heightened pleading requirement such as that imposed under Rule 9, a plaintiff is not required to plead specific factual allegations to support the claim; rather, "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964) (citations and quotations omitted); *cf. Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (acknowledging that a plaintiff may properly be required to illuminate a claim with some factual allegations in those contexts where amplification is necessary to establish that the claim is "plausible").  Once the claim has been stated adequately, a plaintiff may present any set of facts consistent with the allegations contained in the complaint to support his or her claim. *Twombly*, 127 S. Ct. at 1969 (observing that the Court's prior decision in *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957), "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival").

11

In deciding a Rule 12(b)(6) dismissal motion, the court must accept the material facts alleged in the complaint as true, and draw all inferences in favor of the non-moving party.  *Cooper*, 378 U.S. at 546, 84 S. Ct. at 1734; *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir.), *cert. denied*, 540 U.S. 823, 124 S. Ct. 153 (2003); *Burke v. Gregory*, 356 F. Supp. 2d 179, 182 (N.D.N.Y. 2005) (Kahn, J.).  The burden undertaken by a party requesting dismissal of a complaint under Rule 12(b)(6) is substantial; the question presented by such a motion "is not whether [the] plaintiff is likely to prevail ultimately, 'but whether the claimant is entitled to offer evidence to support the claims.'" *Log On America, Inc. v. Promethean Asset Mgmt. L.L.C.*, 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir. 1995)) (citations and quotations omitted).  Accordingly, a complaint should be dismissed on a motion brought pursuant to Rule 12(b)(6) only where the plaintiff has failed to provide some basis for the allegations that support the elements of his or her claim.  *See Twombly*, 127 S. Ct. at 1969, 1974; *see also Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974) ("In order to withstand a motion to dismiss, a complaint must plead 'enough facts to state a claim

for relief that is plausible on its face.'") .

When assessing the sufficiency of a complaint against this backdrop, particular deference should be afforded to a *pro se* litigant whose complaint merits a generous construction by the court when determining whether it states a cognizable cause of action.  *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976)) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal quotations omitted); *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 121 (N.D.N.Y. 2004) (Hurd, J.).  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim might be stated.  *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave [to amend] when justice so requires.").

B.    <u>Claim and Issue Preclusion</u>

In his first cause of action, plaintiff alleges that during the course of his disciplinary proceeding defendants Robert Krusen and Andrew

Harvery withheld documents which, he maintains, would have established his innocence, thereby abridging his right to procedural due process. Echoing arguments previously raised, defendants assert that this claim was fully litigated in the context of plaintiff's Article 78 proceeding, and determined against him, and that he is therefore precluded from relitigating the issue.  Additionally, in their reply papers defendants note their discovery of an action brought by the plaintiff in the Southern District of New York in which, *inter alia*, a procedural due process claim growing out of his SHU confinement was similarly decided against him.

>    1.    Claim Preclusion

Claim preclusion, also sometimes referenced to as *res judicata*, requires that a final judgment of an action on the merits be given preclusive effect, barring parties, as well as those in privity with them, from relitigating claims which were or could have been raised in the prior action.  *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286-87 (2d Cir. 2002); *see also Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir. 1986) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428 (1981)), *overruled on other grounds, Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768 (2d Cir. 2002).  In this case it is

clear, based upon well-established case authority, that the prior

unfavorable Article 78 determination did not serve to foreclose the plaintiff

from commencing this subsequent section 1983 civil rights action for

damages, since such relief is unavailable in an Article 78 proceeding.

*Davidson v. Capuano,* 792 F.2d 275, 278-79 (2d Cir. 1986); *Allen v.

Coughlin,* No. 92 Civ. 6137, 1995 WL 117718, at *3 (S.D.N.Y. Mar. 17,

1995).

The effects of the final, adverse determination in plaintiff's Southern

District of New York case upon his due process claim in this case,

however, are not similarly limited.  Plaintiff commenced an action in that

court in 2005 against the Superintendent of the Greenhaven Correctional

Facility and various other defendants, asserting claims growing out of his

attack on Corrections Officer Miller and the events which followed.  *Ford v.

Phillips*, No. 05 CIV 6646 (NRB) (S.D.N.Y., filed 2005).[7]  Among the

claims raised in that action was one alleging the deprivation of procedural

due process associated with his resulting SHU confinement.  *See Ford v.

Phillips*, 2007 WL 946703, at *10-11.  On motion for summary judgment,

filed by the defendants in that action, that claim was found to be lacking in

---

[7]      Neither of the defendants presently sued was named in plaintiff's
complaint in that action.

15

merit, the court specifically making the following finding:

> [s]ince Ford has failed to allege any cognizable
> violation of due process of law relating to his
> Special Housing confinement, and since
> defendants have provided the Court with ample,
> uncontroverted evidence that Ford received such
> process, summary judgment is denied for Ford and
> granted for defendants on [the due process] claim.

*Id.*, 2007 WL 946703, *11 (footnote admitted). Since plaintiff's procedural

due process claim not only could have been, but indeed apparently was,

litigated during the course of that action, he is barred by claim preclusion

from now raising additional arguments in support of the due process claim

even though the defendants now named were not sued in that action.

*See Somerville House Mgmt., Ltd. v. Arts & Entm't Television Network*,

No. 92-CIV-4705, 1993 WL 138736, at *1-3 (S.D.N.Y. Apr. 28, 1993)

(citations omitted).

## 2.   Issue Preclusion

Issue preclusion, a more narrow doctrine often referred to as

collateral estoppel, bars a party that has had a full and fair opportunity to

litigate an issue of fact or law from relitigating the same issue once it has

been decided against that party or its privy. *McKithen v. Brown,* 481 F.3d

89, 105 (2d Cir. 2007); *Marvel,* 310 F.3d at 288-89. Defendants assert

that the Third Department's findings in connection with plaintiff's Article 78

petition are binding, and effectively preclude the plaintiff from now

relitigating his claims that his due process rights have been abridged.

Both the Full Faith and Credit Clause of the United States

Constitution, *see* U.S. Const. art. IV, § 1, and the corresponding Full Faith

and Credit Statute, 28 U.S.C. § 1738, require that a federal court accord a

state court judgment the same preclusive effect which it would merit under

the law of the state from which it originated.  *See Migra v. Warren City*

*Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984);

*Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S. Ct. 1883,

1889 (1982); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994).  This

principle applies fully to claims brought pursuant to 42 U.S.C. § 1983.

*Migra,* 465 U.S. at 84-85, 104 S. Ct. at 897-98; *Allen v. McCurry,* 449 U.S.

90, 103-04, 101 S. Ct. 411, 419-20 (1980); *Giakoumelos v. Coughlin,* 88

F.3d 56, 59 (2d Cir. 1996).  Since the underlying, state court determination

at issue in this case originated in New York, the law of that state controls

in determining the extent of the preclusive effect of the Article 78

determination in response to Ford's petition.[8]  *LaFleur v. Whitman,* 300

---

[8]      While the law of New York, rather than federal principles, applies to
determine the preclusive effect to be given to the state court's determinations in

F.3d 256, 271-72 (2d Cir. 2002); *see also Giakoumelos,* 88 F.3d at 59. Under New York law, in order for issue preclusion to apply, two elements must be established; first, the issue must both "actually and necessarily" have been decided in a prior proceeding, and secondly, the party against whom the doctrine is being urged must have been afforded a full and fair opportunity to litigate the issue in the first proceeding. *McKithen,* 481 F.3d at 105; *see also Giakoumelos,* 88 F.3d at 59; *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir. 1995).

Careful examination of plaintiff's amended complaint reveals that the argument now being raised in support of his section 1983 claims was presented to the state courts in the context of his Article 78 petition. Plaintiff's first cause of action asserts that defendants withheld documentary evidence requested in order to properly defend himself in the disciplinary proceeding.[9] Amended Complaint (Dkt. No. 24) ¶¶ 5, 7,

_____

response to plaintiff's Article 78 petition, this is a distinction without a difference since, as the Second Circuit has noted, "there is no discernable difference between federal and New York law concerning *res judicata* and collateral estoppel." *Marvel,* 310 F.3d at 286 (citing *Pike v. Freeman,* 266 F.3d 78, 90 n.14 (2d Cir. 2001)).

[9]     Plaintiff maintains that the disputed documents would have assisted him in establishing a justification defense pursuant to N.Y. Penal Law § 35.15. Ford's apparent claim that his victim, Corrections Officer Miller, was the initial aggressor was rejected not only by the hearing officer, but by a jury in connection with Ford's Dutchess County prosecution.  *See* Boivin Decl. (Dkt. No. 28-3) Exh. C

10.  This claim was raised in both Ford's Article 78 petition and in his brief to the Third Department.  *See* Boivin Decl. (Dkt. No. 14) Exh. A, ¶¶ 6, 23-27 and Exh. C at pp. 9-10.  While the argument was not specifically addressed by the Third Department in its decision, denying plaintiff's Article 78 petition, that court concluded its determination by stating that his "remaining contentions have been reviewed and determined to be without merit."  *Id.* Exh. E at p. 2.  That determination is entitled to preclusive effect, as to the issues raised by Ford in his Article 78 petition, thereby effectively barring him from raising the claims now set forth in his complaint.

     C.    <u>Plaintiff's Remaining Claims</u>

In an attempt to salvage this action from dismissal, plaintiff has added two claims in which he indirectly attacks the fairness of the Article 78 proceeding which led to the unfavorable determination.  Defendants assert that plaintiff's arguments in this regard must be rejected as an improper attempt to collaterally attack in a federal court the sufficiency of a state court determination.

_____On their face, plaintiff's second and third causes of action appear to

---

(Sentencing Minutes) at pp. 9-12.

challenge defendants' alleged withholding of documents which should have been produced during the course of plaintiff's Article 78 proceeding. Since neither of the defendants in this action was a party to that proceeding, and in any event discovery is not usually permitted in such a matter, *see Price v. New York City Bd. of Educ.*, 16 Misc. 543, 550-51, 837 N.Y.S.2d 507, 513-14 (Sup. Ct. New York County 2007); *see also Wilson v. Pfeiffer*, 565 F. Supp. 115, 117-18 (S.D.N.Y. 1983), which merely seeks to determine, based upon the available record, whether the challenged determination was in compliance with governing legal requirements and was well-supported, this represents nothing more than a reiteration of plaintiff's first claim, which he is now precluded from bringing.

Moreover, as defendants suggest, plaintiff's second and third causes of action are, in reality, mere attempts to undermine the validity of the Third Department's determination. Such an endeavor, they correctly note, would be precluded under the *Rooker-Feldman* doctrine.

Separate from and independent of *res judicata* and collateral estoppel is the judicially-created teaching, known as the "*Rooker-Feldman*" doctrine, which recognizes jurisdictional limitations placed by our dual judicial system on the power of a lower federal court to directly

review a state court determination.  *Moccio v. New York State Office of Court Admin.*, 95 F.3d 195, 197-98 (2d Cir. 1996), *overruled by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 S. Ct. 1517 (2005).  Under *Rooker-Feldman* federal district courts, as courts of original jurisdiction, lack the power to entertain claims which, if substantiated, would effectively overrule or modify a state court decision. *Moccio*, 95 F.3d at 198-99.

Recognizing that many courts have applied *Rooker-Feldman* in a manner which effectively expands its boundaries well beyond those envisioned in the two seminal decisions, the Supreme Court more recently emphasized the narrow limits of the rule in *Exxon Mobil Corp.*, observing that "[t]he *Rooker-Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284, 125 S. Ct. at 1521-22.  The Court distinguished such rare situations, which implicate a district court's subject matter jurisdiction, from the more common instance where a federal plaintiff does not seek to undo a state judgment, but rather "present[s] some independent claim, albeit one that

21

denies a legal conclusion that a state court has reached in a case to which he was a party[.]" *Id.* at 1527 (citations and quotations omitted). The Court noted that in cases involving parallel or related state and federal cases which do not include a direct challenge of a state court determination, other tenets, involving the non-jurisdictional law of preclusion, as governed in part by the Full Faith and Credit Act, 28 U.S.C. § 1738, and the judicially created rules of abstention, are appropriately consulted.  *Id.* at 1527 (citations omitted); *compare Vargas v. City of New York*, 377 F.3d 200, 205 (2d Cir. 2004) (holding that the *Rooker-Feldman* doctrine was not confined to claims seeking direct review of judgments of state courts but extended also to claims that could have been brought in state court and were inextricably intertwined with earlier state court determinations).  In short, the Court's decision in *Exxon Mobil* effectively laid to rest the suggestion asserted by many courts – including the Second Circuit – that the *Rooker-Feldman* doctrine and state court preclusion law are co-extensive, pointedly noting that the canon "does not otherwise override or supplant preclusion doctrine[.]"[10] 125 S. Ct. at 1522.

---

[10]     Although prior formulations of the *Rooker-Feldman* doctrine seemingly invalidated federal causes of action that were "inextricably intertwined" with prior state court determinations, little guidance was available to lower courts as to the meaning of that phrase.  *Moccio*, 95 F.3d at 198-99 (quoting *Feldman*,

As applied in this circuit, for invocation of the *Rooker-Feldman* doctrine four prerequisites must be met, including that 1) that the federal court plaintiff lost in state court; 2) the plaintiff complains of injuries flowing from the state court judgment; 3) the action invites the district court to review and reject the state court judgment; and 4) the state court judgment was rendered prior to commencement of the federal court proceedings.  *Hoblock v. Albany Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

In this instance, each of these prerequisites has been established. Plaintiff Ford lost his bid in state court to have his disciplinary sanction overturned, and complains of the effects of the state court judgment, which was entered prior to commencement of the proceedings. Additionally, the plaintiff seeks a determination from this court eschewing the results in that case.  Under these circumstances, plaintiff's efforts are precluded by the *Rooker-Feldman* doctrine.

IV.   <u>SUMMARY AND RECOMMENDATION</u>

---

460 U.S. at 482-83 n.16, 103 S. Ct. at 1315-16 n.16).  In *Exxon Mobil* the Supreme Court acknowledged its prior use of that terminology in *Feldman*, 544 U.S. at 286 n.1, 125 S. Ct. at 1523 n.1, however, the continued vitality of that formulation post-*Exxon Mobil* is significantly in doubt.  *See L.A.M. Recovery Inc. v. Dep't of Consumer Affairs*, 377 F.Supp.2d 429, 434-35 (S.D.N.Y. 2005).

Plaintiff Corey Ford, who has been convicted by a jury of assaulting a corrections officer, was found guilty of violating prison rules stemming from that assault following a disciplinary hearing, lost in his bid to have a state court overturn that determination on the basis that a procedural due process deprivation occurred, and unsuccessfully argued to another federal court that his procedural due process rights were violated in connection with that disciplinary proceeding, nonetheless now persists in his efforts to undermine the disciplinary determination and establish that his actions were taken in self-defense.  Having concluded that the further pursuit of plaintiff's claims is barred by virtue of claim preclusion, based upon the adverse determination from the Southern District of New York, as well as issue preclusion in light of the unfavorable rulings of the state courts in connection with this Article 78 petition, and additionally that his efforts to collaterally attack the Article 78 proceeding result are barred by the *Rooker-Feldman* doctrine, I find that plaintiff's complaint is subject to dismissal for failure to state a cause of action.  Moreover, in light of all of the proceedings which have previously occurred, I find that granting plaintiff additional leave to amend would be fruitless, and thus recommend that the dismissal be without leave to amend.  Accordingly, it is hereby

24

respectfully

RECOMMENDED, that defendants' motion to dismiss plaintiff's complaint for failure to state a cause of action upon which relief may be granted (Dkt. No. 26), be GRANTED, and that plaintiff's complaint be DISMISSED in all respects, without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court within TEN days.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this Report and Recommendation upon the parties in accordance with this court's local rules.

David E. Peebles
U.S. Magistrate Judge

Dated:       December 15, 2008
             Syracuse, NY

25