UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COREY FORD,

                        Plaintiff,

v.

                                             9:06-CV-0890
                                             (GTS/DEP)

ROBERT KRUSEN and
ANDREW HARVEY,

                        Defendants.
_____

APPEARANCES:                                           OF COUNSEL:

COREY FORD, 95-A-8605
   Plaintiff, *Pro Se*
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12584

HON. ANDREW M. CUOMO                      BRUCE J. BOIVIN, ESQ.
Attorney General for the State of New York       Assistant Attorney General
   Attorney for Defendants
The Capitol
Albany, NY 12224-0341

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action are Defendants' motion to dismiss for failure to state a claim upon which relief might be granted pursuant to Fed. R. Civ. P. 12(b)(6), and United States Magistrate Judge David E. Peebles' Report-Recommendation that Defendants' motion be granted.  (Dkt. Nos. 26, 30.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted, Defendants' motion is granted, and Plaintiff's Amended Complaint is dismissed.

## I.  RELEVANT BACKGROUND

### A.  Plaintiff's Amended Complaint

On May 14, 2008, Senior District Judge Frederick J. Scullin, Jr., directed Plaintiff to file an Amended Complaint in this action. (Dkt. No. 23.) On May 21, 2008, Plaintiff filed that Amended Complaint. (Dkt. No. 24.) Generally, in his Amended Complaint, Plaintiff asserts due process claims against (1) Robert Krusen, a New York State Department of Correctional Services ("DOCS") inmate who assisted Plaintiff in a disciplinary hearing at Shawangunk Correctional Facility, and (2) Andrew Harvey, the DOCS hearing officer who presided over the disciplinary proceeding. (*Id.*) More specifically, Plaintiff alleges that, before and during the disciplinary hearing on April 30, 2004, he asked for exculpatory videotape and/or documentary evidence (which supported his defense of justification to the charge of assault), and Defendants falsely responded that no such documents existed. (*Id.*) Moreover, he alleges that Defendants continued to wrongfully withhold this evidence during an Article 78 proceeding that he filed on September 10, 2004, to challenge the results of his disciplinary conviction. (*Id.*)[1]

### B.  Defendants' Motion and Magistrate Judge Peebles's Report-Recommendation

On June 30, 2008, Defendants filed a motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief might be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 26.) Generally, Defendants argue that Plaintiff's claims are barred by the

---

[1] It bears noting that, as noted by the Southern District of New York in *Ford v. Phillips*, 05-CV-6646, 2007 WL 946703, at *1 & n.13 (S.D.N.Y. Mar. 27, 2007), Plaintiff was later convicted by a jury for the assault that was the subject of the disciplinary charge. *See New York v. Ford*, Index No. 2004-4566 (N.Y. County Co., Dutchess County). (Dkt. No. 28, Part 3, at 23-30 [Ex. C to Boivin Decl.].)

doctrine of collateral estoppel, as well as the *Rooker-Feldman* doctrine.  (*Id*. at Part 2.)

On August 1, 2008, Plaintiff submitted an opposition to the motion to dismiss, repeating the allegations made in his Amended Complaint that he was denied due process during the disciplinary proceeding.  (Dkt. No. 27.)

On August 26, 2008, Defendants submitted a reply in further support of their motion to dismiss.  (Dkt. No. 28.)  In their reply, Defendants argued, *inter alia*, Plaintiff is precluded from litigating the facts and issues currently before the Court, because he previously litigated those facts and issues in a (newly discovered) Section 1983 action, which was dismissed by the Southern District of New York in *Ford v. Phillips*, 05-CV-6646, 2007 WL 946703 (S.D.N.Y. Mar. 27, 2007).  (Dkt. No. 28.)

On December 15, 2008, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion be granted and that Plaintiff's Amended Complaint be dismissed in its entirety without leave to amend.  (Dkt. No. 30.)  Generally, Magistrate Judge Peebles found that, while Plaintiff's previous Article 78 proceeding does not bar his current claim regarding Defendants' conduct during his disciplinary hearing under the doctrine of claim preclusion, Plaintiff's previous action in the Southern District of New York does bar that claim under the doctrine of claim preclusion.  (*Id*. at 13-16.)  Moreover, he found that Plaintiff's previous Article 78 proceeding also bars that claim under the doctrine of *issue* preclusion (or "collateral estoppel").  (*Id*. at 16-19.)  Finally, Magistrate Judge Peebles found that the *Rooker-Feldman* doctrine bars Plaintiff's current claim regarding Defendants' conduct during his Article 78 proceeding.  (*Id*. at 19-23.)  With regard to the specifics of Magistrate Judge Peebles' reasoning, familiarity with Magistrate Judge Peebles's Report-Recommendation is assumed in

this Decision and Order.

On January 29, 2009, Plaintiff submitted an Objection to the Report-Recommendation (Dkt. No. 32.)

## II.     STANDARD OF REVIEW

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir.1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July

---

[2] On de novo review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1)(C).  However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[3] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### III.   ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles's Report-Recommendation and Plaintiff's Objection thereto, the Court rejects each of Plaintiff's Objections, and agrees with the conclusions offered in the Report-Recommendation.[4] Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts.  (*See* Dkt. No. 30.)  As a result, the Court accepts and adopts the Report-Recommendation in its entirety, for the reasons stated therein.  The Court would add only that, not only is granting Plaintiff leave to amend unnecessary due to the futility of any such amendment (as pointed out by Magistrate Judge Peebles),[5] granting Plaintiff leave to amend is unnecessary also because Plaintiff was already afforded such an opportunity.[6]

---

[4] The Court notes that the only objections offered by Plaintiff to Magistrate Judge Peebles's Report-Recommendation are simply reiterations of his prior argument that he was denied a fair hearing in the state court action of *New York v. Ford*, Index No. 2004-4566 (N.Y. County Co., Dutchess County).  (*See* Dkt. No. 32.)

[5] *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") [citation omitted]; *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile) [citation omitted].

[6] *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once).

**ACCORDINGLY**, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 30) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 26) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 24) is **DISMISSED** in its entirety, without leave to amend.

Dated: April 6, 2009
　　　　Syracuse, New York

　　　　　　　　　　　　　　　　　　Hon. Glenn T. Suddaby
　　　　　　　　　　　　　　　　　　U.S. District Judge